UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND KONAN,

        Plaintiff,

v.                                                                                    Case No.: 6:24-cv-886-WWB-RMN

NEIL A. SAYDAH, SAYDAH LAW FIRM,
JOEL RAMOS, II and BRIDGETTE
ROSS, P.A.,

        Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants Neil A. Saydah, Joel Ramos, II, and Saydah Law Firm's Motion to Dismiss (Doc. 5) and Defendant Bridgette Ross P.A.'s Motion to Dismiss (Doc. 19) and Plaintiff's Oppositions (Doc. Nos. 21, 27) thereto.[1]

**I.   BACKGROUND**

Plaintiff, Raymond Konan, alleges that he owns a home within the Waterford Lakes Tract N-33 Neighborhood Association (the "**Association**"), and Defendants act as debt collectors on behalf of the Association. (Doc. 3, ¶¶ 3, 4). On August 24, 2023, Orlando Equity notified Plaintiff that he was delinquent on assessment payments owed to the Association. (Doc. 3-1 at 1). Thereafter, Defendant Saydah Law Firm sent Plaintiff a Notice of Intent to Record a Claim of Lien. (Doc. 3-2 at 1). On November 13, 2023,

---

[1] Defendant Bridgette Ross P.A.'s Motion and Plaintiff's Oppositions fail to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filings because this matter is fully briefed and ripe for resolution on the merits, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

Saydah Law Firm sent Plaintiff a confirmation letter stating that it had received partial payment of the amount due, but also noting that Plaintiff's account was overdue and that "the association may initiate legal action, including an action to record and foreclose on a lien against" his property. (Doc. 3, ¶ 9; Doc. 3-3 at 1). Saydah Law Firm later sent Plaintiff notice that a lien had been filed against his home. (Doc. 3, ¶¶ 11–12; Doc. 3-5 at 1).

On January 31, 2024, Defendant Bridgette Ross P.A. ("**Ross**") informed Plaintiff that his "file was forwarded to the Saydah Law Firm for non-payment." (Doc. 3, ¶ 15; Doc. 3-7 at 1). Plaintiff alleges he offered to bring payment to Saydah Law Firm on February 19, 2024, but that this offer was declined. (Doc. 3, ¶ 19). On March 19, 2024, the Association filed a state foreclosure action against Plaintiff to recover unpaid homeowners' association assessments. (*Id.* ¶¶ 24–26). As a result, Plaintiff filed the Amended Complaint alleging claims against Defendants under the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), Fla. Stat. §§ 501.201–.213. (*See generally id.*).

## II.    DISCUSSION

In its Motion, Ross argues that Plaintiff's Amended Complaint must be dismissed as an impermissible shotgun pleading. "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As

such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

At the least, the Amended Complaint falls into the third and fourth categories. The Amended Complaint states a single "Claim for Relief" on the basis that "[e]ach Defendant violated" the FDCPA and FDUTPA "in numerous ways, including, but not limited to" a lengthy list of factual and conclusory allegations. (Doc. 3, ¶¶ 41–46). This framing makes it virtually impossible to discern which of the many facts alleged supports the different

3

claims Plaintiff raises. To the extent Plaintiff alleges that both federal and state law were violated in multiple ways, he does so in a single count "in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996). Thus, the Amended Complaint fails to properly identify and separate into different counts the various claims he intends to allege.

Additionally, Plaintiff lists all four Defendants under one "Claim for Relief" but appears to allege different theories of liability as to certain Defendants. For instance, Plaintiff alleges Defendants Saydah and Ramos are directly liable, but that Saydah Law Firm is vicariously liable for the conduct of its agents "in accordance with the established law of *respondeat superior*." (Doc. 3, ¶¶ 43–45). This is an impermissible use of group pleading. *See Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982-Orl, 2020 WL 3250130, at *2 (M.D. Fla. Feb. 21, 2020) (explaining that group pleading is acceptable in limited circumstances, such as when "the role of each defendant is not unique and determinative of the defendant's liability"). Therefore, the Amended Complaint will be dismissed as a shotgun pleading.

The Court will grant Plaintiff leave to file an amended pleading. Plaintiff is cautioned, however, that failure to correct the deficiencies noted herein may result in the dismissal of any amended pleading with prejudice. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021). The Court declines to address Defendants' remaining arguments at this juncture until the basis or bases upon which Plaintiff seeks to hold Defendants liable have been more clearly pleaded. Defendants may renew their arguments to the extent relevant in response to an amended pleading.

4

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants Neil A. Saydah, Joel Ramos, II, and Saydah Law Firm's Motion to Dismiss (Doc. 5) is **DENIED without prejudice**.

2. Defendant Bridgette Ross, P.A.'s Motion to Dismiss (Doc. 19) is **GRANTED in part** as set forth in this Order and **DENIED without prejudice** in all other respects.

3. Plaintiff's Amended Complaint (Doc. 3) is **DISMISSED without prejudice**.

4. On or before **April 16, 2025**, Plaintiff may file an amended pleading to correct the deficiencies noted in this Order. Failure to timely file an amended pleading may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 28, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record